**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**BRIAN M. CASEY,
D.O.C. # 139647,**

    **Plaintiff,**

vs.                                    Case No. 4:14cv151-MW/CAS

**CORIZON HEALTH SERVICES,
GEO CORPORATION, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff submitted a civil rights complaint, doc. 1, a motion for leave to proceed in forma pauperis, doc. 2, and a motion seeking the appointment of counsel, doc. 3. Plaintiff properly acknowledges that he has had at least three cases dismissed for failure to state a claim and, thus, he has "three strikes." Doc. 1 at 4. Thus, to determine whether Plaintiff's in forma pauperis motion can be granted, Plaintiff's allegations must be reviewed to determine whether he can proceed under the exception of 28 U.S.C. § 1915(g). That statute directs that a prisoner may not bring a civil action or appeal as an in forma pauperis litigant if he has had three or more cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, to proceed with this case, Plaintiff must satisfy the § 1915(g) exception which requires him demonstrate he is currently "under imminent danger of serious physical injury." See Adbul–Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (stating that "[b]y using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001). In Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004), the Eleventh Circuit held that "[a] prisoner alleges imminent danger of serious physical injury, when he alleges that a total withdrawal of treatment for serious diseases, including human immunodeficiency virus ('HIV') and hepatitis, will cause him to suffer from severe ongoing complications, increased susceptibility to various illnesses, and a rapid deterioration of his condition." Skillern v. Paul, 202 F.App'x 343, 344 (11th Cir. 2006) (explaining Brown).

Plaintiff's complaint has been reviewed. Doc. 1. Plaintiff seeks to bring claims against the GEO Corporation, Corizon Health Services, Assistant Warden Swier, Health Care Administrator Clark, Health Care Administrator Owens, four doctors, six nurses, several "unknown clinicians," three Captains, two Sergeants, Officers Kelly, and Cynthia Riechelt. Doc. 1 at 1-2. Not all of the Defendants are employed at Wakulla Correctional Institution where Plaintiff is currently incarcerated. *Id.* at 1, 10-13. Some of the Defendants are located at Century Correctional Institution, and others are at the Northwest Florida Reception Center, Blackwater River Correctional Facility, Desoto Annex, and Taylor Correctional Institution. *Id.* The fact that Defendants are located in various institutions

indicates that Plaintiff is not complaining about a current or imminent situation in which he faces imminent harm.

Additionally, much of Plaintiff's allegations reveal that Plaintiff complains about "painful skin problems" which Plaintiff asserts was diagnosed as "a form of psoriasis." Plaintiff alleges that these problems began in February of 2013 and he contends he was denied medical care for that "serious and painful medical condition." *Id.* at 15-16. Plaintiff claims that, although he was examined by medical personnel, he was not given medication but was told to get lotion from the commissary for his skin condition. Plaintiff contends he was not given anything to relieve the "painful condition." *Id.* at 17. Plaintiff contends that he has scars on his legs, that it is "extremely painful," and he began to lose weight. *Id.* Plaintiff was transferred again on December 17, 2013, and he again contends was not provided medication for his skin condition. *Id.* Plaintiff was eventually transferred to Wakulla Correctional Institution on January 17, 2014, where Plaintiff continues to assert he has not been provided appropriate medical attention for his "extreme weight loss and painful bleeding skin." *Id.* at 17. Plaintiff was provided a creme and benadryl by a nurse. *Id.* On or after February 17, 2014, Plaintiff alleges that his complaint to the warden resulted in Health Care Administrator Clark coming to see him. Plaintiff stated that "Mrs. Clark arranged for a doctors visit the same day concerning a broken bone from a fall." *Id.* at 18. Plaintiff presents allegations that the doctor again diagnosed Plaintiff's skin problem as psoriasis and "did not treat the open sores but prescribed the same triamcinolone medication the clinician at Desoto Annex a year earlier prescribed." *Id.* Plaintiff alleged that the doctor would not treat him for his over thirty pound weight loss. *Id.*

Plaintiff does not specifically allege when he fell, but he said that Dr. Kozman did not treat his broken bone, which he identifies as a "broken tail bone" and said it had "turned sideways and [was] extremely painful."  *Id.* at 18.  Plaintiff makes conclusory allegations that medical staff have not given him treatment and have left him "in tremendous pain."  *Id.* at 19.  Plaintiff asserts that a particular medical provider will treat him for one medical complaint, but not the other complaint.  *Id.*  For example, Dr. Gaspard examined Plaintiff for his skin condition, but did not examine his broken bone.  *Id.*  Plaintiff also complained that in March, 2014, nurses ignored his requests for medical attention.  *Id.* at 19-20.  Furthermore, Plaintiff claims that on March 17, 2014, he was "left with pain, chest pains the entire time."  *Id.* at 20.  Plaintiff contends he was in "terrible pain from a broken bone that is not healing properly and skin problems."  *Id.*   Plaintiff also claimed his weight had continued to drop and he needed a "medical diet."  *Id.*  Plaintiff alleged the nurse only gave him four packets of Tylenol and did not refer him to a doctor.  *Id.*  Plaintiff asserts he "is suffering from a myriad of health problems and is currently in excruciating pain related to a broke bone at his lower spine that protrudes out and sideways."  *Id.* at 21.  Plaintiff also complains about the "skin problems he has endured for years with no medical attention . . . ."  *Id.*  In addition, Plaintiff is concerned over the "drop in body weight" and asserts it is "below normal" and requires medical attention.  *Id.*

   As relief, Plaintiff seeks a declaratory judgment, and a preliminary injunction requiring Defendants "to treat the Plaintiff's broken bone and skin disorder; providing pain relief medications, lotions and soaps prescribed from a specialist or medical doctor

following an evaluation; that a medical diet be instituted to raise the Plaintiff's body weight out of an unhealthy range and that diet cannot be discontinued at any time during the pendancy [sic] of this action." *Id.* at 22. Plaintiff also seeks an injunction directing changes to the sick call procedures and monetary damages. *Id.* at 22-23.

Plaintiff's allegations are insufficient to proceed under the exception of § 1915(g) as they do not suggest that he is under imminent danger of serious physical injury. Plaintiff's allegations concerning his skin condition is an on-going medical issue and is not a serious physical injury. *See* Adamson v. Collins, No. 3:08cv404-MCR/EMT, 2008 WL 4525144, at *4-5 (N.D. Fla. Oct. 1, 2008)(finding that arthritis, bursitis pain, and psoriasis are not serious physical injuries for purposes of § 1915(g) analysis). Plaintiff has, however, provided allegations concerning his weight loss which must be accepted as true and which, in that light, reveal a possible serious medical condition. Nevertheless, Plaintiff has not shown that he is "under imminent danger" from that condition. Similarly, Plaintiff's allegations concerning his broken tail bone reveal that Plaintiff had a serious medical need, but it is not clear that the need is *currently* serious or that Plaintiff faces imminent danger from that condition. *See* Lee v. Cochran, No. 12-0478, 2013 WL 2156557, at *4-5 (S.D. Ala. May 16, 2013) (noting that not every episode of asthma symptoms is a serious medical need and that Plaintiff "failed to show that at the time of the filing of the complaint, he faced an imminent danger of serious physical injury."). There are no specific allegations which reveal when Plaintiff fell and broke his tail bone, or that he faces imminent danger because of that medical need.

In sum, Plaintiff's complaint does not present sufficient allegations to show he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff truly has a potential claim of serious physical injury, he should be required to file a complaint limited only to such a claim and limited only to the Defendants at the institution where Plaintiff is currently housed. A complaint which names numerous Defendants at six different correctional facilities does not meet the imminent danger exception. Plaintiff's motion for leave to proceed in forma pauperis motion, doc. 2, should be denied and this case dismissed without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id.

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, doc. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), that all other pending motions be **DENIED** and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee, and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2014.

 S/   Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**